***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Deluca and the briefs and arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence. The Full Commission REVERSES the Opinion and Award of Deputy Commissioner Deluca.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the deputy commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act. *Page 2 
2. The employer/employee relationship existed between plaintiff and defendant/ employer at all relevant times herein.
3. General Casualty Insurance Company was the carrier on the risk at the time of plaintiff's injury.
4. On December 18, 2007 plaintiff suffered an injury by accident to his back and right hip arising out of, and in the course of his employment with the employer/defendant.
5. Issues for resolution are as follows:
 a. Constructive refusal of suitable employment;
 b. Disability;
 c. Average weekly wage
 ***********
Based upon all the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner plaintiff was 55 years old. Plaintiff completed the eleventh grade and two semesters of accounting at a community college. Plaintiff does not have a high school diploma or GED, nor did he receive any diploma, degree or certificate from a community college. Plaintiff's work history prior to working for employer-defendant included HVAC installation, marine electrical work, landscaping, and as a convenience store clerk.
2. Plaintiff had been employed by defendant-employer since December 2002, initially as an installer and then promoted to a leadman installing HVAC systems. Plaintiff's job duties as leadman installing HVAC systems included carpentry, running out duct work, *Page 3 
supervising installers, lifting heavy air handlers and condensers weighing between 100 and 200 pounds with assistance, and climbing and crawling under houses and through attic spaces.
3. Plaintiff was paid $14.00 per hour, and was paid for exactly 40 hours per week in each of the 52 weeks prior to December 18, 2007.
4. On December 18, 2007 plaintiff sustained a compensable work related injury to his back. He immediately thereafter reported his injury to Phil Liverman, co-owner of defendant-employer. Plaintiff finished the shift that day going to one other location.
5. The following day plaintiff did not come in to work, but called and reported that his back was hurting. Plaintiff was told to take as much time off as he needed. Although plaintiff missed a few days of work he was still paid. Plaintiff talked to defendant-employer on a daily basis. Eventually, plaintiff was told to return to work on December 31, 2007, which he did. However, plaintiff's employment was terminated on that day.
6. Defendant-employer had decided to terminate plaintiff's employment in early December 2007, but did not want to do so until after the Christmas holiday. Previously, after Thanksgiving plaintiff came in to work smelling like alcohol. Plaintiff had previously been disciplined by defendant-employer for showing up for work smelling like alcohol. Plaintiff's co-workers had complained about plaintiff's odor of alcohol. Although plaintiff had not actually been seen drinking on the job, he frequently carried a strong smell of alcohol, especially on Monday and Thursday mornings.
7. In September 2006 plaintiff was written up because he smelled of alcohol, and plaintiff signed a statement acknowledging the incident. When defendant-employer talked to plaintiff about showing up for work smelling like alcohol, plaintiff had previously acknowledged that he had been drinking. *Page 4 
8. Defendant-employer would have fired anyone else for showing up for work smelling like alcohol after efforts to discipline had been exhausted.
9. Upon being terminated plaintiff applied for and received unemployment benefits through the Employment Security Commission at the rate of $287.00 per week.
10. On January 2, 2008 plaintiff sought medical treatment at Beach Care Urgent Care in Morehead City where he was examined by Mark Stevens, FNP. After examining plaintiff, Nurse Practitioner Stevens determined that plaintiff could return to work immediately with restrictions, but that he could resume full duty in two weeks. Plaintiff was also told to return to the clinic sooner if his condition worsened. Plaintiff did not return.
11. Plaintiff followed a course of physical therapy, which proved to be beneficial to his condition.
12. Defendant-employer had work available for plaintiff within the restrictions established by Nurse Practitioner Stevens had plaintiff not been terminated for his misconduct.
13. On July 23, 2008 plaintiff was seen by Dr. Josephus T. Bloem at the request of plaintiff's attorney for an independent medical evaluation. Dr. Bloem did not treat plaintiff. Although Dr. Bloem diagnosed plaintiff with chronic back pain and assigned permanent light duty restrictions and a disability rating, his evaluation was based in part on plaintiff's subjective complaints and history provided by plaintiff. The Full Commission finds that Dr. Bloem's testimony is insufficient to establish disability. Therefore, the Full Commission gives little weight to Dr. Bloem's opinon.
 ***********
Based upon the foregoing Stipulations and Findings of Fact the Full Commission makes the following: *Page 5 
 CONCLUSIONS OF LAW
1. Plaintiff suffered a compensable injury by accident arising out of and in the course of employment of his employment with defendant on December 18, 2007. N.C. Gen. Stat. § 97-2(6).
2. In order to qualify for compensation under the Workers' Compensation Act, a claimant must prove both the existence and the extent of disability. Hilliard v. Apex Cabinet Co.,305 N.C. 593, 290 S.E.2d 682 (1982).
3. Plaintiff's termination from employment with defendant-employer is attributable to plaintiff's misconduct of repeatedly showing up for work smelling of alcohol, which was unrelated to his compensable injury, for which a non-disabled employee would also be terminated. Therefore, plaintiff's termination on December 31, 2007 constitutes a constructive refusal of employment. Seagraves v. Austin Co. of Greensboro,123 N.C. App. 228, 472 S.E.2d 397 (1996).
4. Under the Seagraves analysis, after an employer has proven that the employee's termination constitutes a constructive refusal of employment, an employee must then show that his inability to find other employment at wages comparable to those earned prior to the injury is due to the work-related disability. Seagraves v. AustinCo. of Greensboro, supra.
5. In the present case, plaintiff did not meet his burden to prove that after his termination on December 31, 2007, he was incapable of finding work because of his work-related injury. Plaintiff did not show that he was unable to obtain employment after a reasonable effort or that it was futile for him to seek employment because of other factors. Plaintiff was capable of some work and no doctor took him out of work. Demery v. Perdue Farms, Inc.,143 N.C. App. 259, 545 S.E.2d 485 (2001); Russell v. Lowes ProductDistribution, 108 N.C. App. 762, *Page 6 425 S.E.2d 454 (1993). Although Nurse Practitioner Stevens assigned restrictions for two weeks, the greater weight of the credible evidence shows that defendant-employer could accommodate those restrictions. After two weeks plaintiff was able to return to full duty employment. Therefore, plaintiff failed to prove that he is disabled from employment due to the compensable injury and has failed to prove that he is entitled to disability compensation. N.C. Gen. Stat. § 97-29; Seagraves v. Austin Co. of Greensboro,supra.
6. Plaintiff is entitled to have continuing medical treatment provided for by defendants so long as said medical treatment is directly related to the original compensable injury and is reasonably necessary to provide relief or effect a cure. N.C. Gen. Stat. § 97-25.1
 ***********
Based upon the foregoing Stipulations, Findings of Fact, and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for disability benefits is hereby DENIED.
2. Defendants shall provide medical treatment related to plaintiff's compensable
December 2007 work injury so long as said medical treatment is reasonably necessary to provide relief or effect a cure
3. Each side shall pay its own costs.
This the 24th day of August 2009.
S/___________________ STACI T. MEYER COMMISSIONER *Page 7 
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER
DISSENTING WITHOUT A WRITTEN OPINION:
 S/___________________ DANNY L. McDONALD COMMISSIONER